UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AURORA DORAN,

   Plaintiff,         CASE NO.  06-12618
                 HON. LAWRENCE P. ZATKOFF

v.

THE HUNTINGTON NATIONAL
BANK

   Defendant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on January 19, 2006

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I.  INTRODUCTION**

This matter is before the Court upon Defendant's Motion for Summary Judgment and to Dismiss (Docket # 3). Plaintiff filed her response to this motion on August 29, 2006, and Defendant has since responded. The Court finds that the facts and legal arguments are adequately presented in the parties' papers and the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. MICH. LR 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the following reasons, the Court GRANTS Defendant's Motion for Summary Judgment and REMANDS the remaining claims to Michigan state court.

**II.  BACKGROUND**

This case is brought under the Fair Debt Collection Practices Act ("FDCPA" or "the Act"), 15 U.S.C. §§ 1692 *et seq*. Plaintiff's claim arises from a loan transaction with Defendant in May

2005. *See* Pl.'s Compl. ¶ 1. In connection with the purchase of an automobile, Plaintiff executed a loan agreement whereby Defendant loaned her $20,290.34. *See id.* Plaintiff, an elderly woman, alleges that she was coerced into signing the loan documents by a man named Paul Fogaleman. *See id.* ¶¶ 1, 2. While Mr. Fogaleman's name does not appear anywhere on the loan agreement, Plaintiff believed she was signing as a co-signer for him. *See id.* ¶ 1. According to Plaintiff, Mr. Fogaleman "skipped town" with the newly purchased car, which was later repossessed in Indiana. *See id.* ¶ 2.

After the car was repossessed, Defendant initiated collection efforts. *See id.* ¶ 4. Defendant's employee, Timothy Lind, who holds the title of "Collector," began calling Plaintiff regarding the loan. *See id.* ¶ 6; Def.'s Ex. B. Plaintiff alleges that "the nature of these phone calls were to harass, embarrass, belittle, invoke fear, and humiliate" her. *See* Pl.'s Compl. ¶ 6. Plaintiff further alleges that Lind told her he was going to "sell [her] house" and "make her a bag lady." *See id.* Count I, ¶ 3.

Based on the foregoing events, Plaintiff filed a five count complaint in state court, asserting two violations of the FDCPA and three state law claims. Defendant removed the case to this Court based on the FDCPA claims and now moves for summary judgment as to those claims. Defendant further moves to dismiss Plaintiff's remaining state law claims under FED. R. CIV. P. 12(b)(6).

### III.  LEGAL STANDARD

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. PRO. 56(c); *accord Turner v. City of Taylor*, 412 F.3d 629, 637 (6th Cir. 2005); *Johnson v. Karnes*, 398 F.3d 868, 873 (6th Cir. 2005). When deciding a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in favor of the non-moving party. *See*

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005). The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). *See Leadbetter v. Gilley*, 385 F.3d 683, 689-90 (6th Cir. 2004); *Weaver v. Shadoan*, 340 F.3d 398, 405 (6th Cir. 2003). A genuine issue of material fact exists when there is "sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at 249 (citations omitted). "If the evidence is merely colorable or is not significantly probative, summary judgment may be granted." *Id.* at 249-50 (citations omitted).

The moving party bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record that establish the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party must go beyond the pleadings and come forward with specific facts to demonstrate that there is a genuine issue for trial. *See* FED. R. CIV. PRO. 56(e); *Celotex*, 477 U.S. at 324. Thus, the nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts; it must present significant probative evidence in support of its complaint to defeat the motion for summary judgment. *See Matsushita,* 475 U.S. at 586; *Stephenson v. Allstate Ins. Co.*, 328 F.3d 822, 826 (6th Cir. 2003); *Gaines v. Runyon*, 107 F.3d 1171, 1174-75 (6th Cir. 1997). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252; *accord Daniels v. Woodside*, 396 F.3d 730, 734 (6th Cir. 2005).

### IV.  ANALYSIS

Plaintiff alleges that Defendant violated the FDCPA when one of its employees allegedly harassed her repeatedly over the phone. Plaintiff also alleges various violations of state law. Defendant moves for summary judgment on Plaintiff's FDCPA claims, arguing that it is not a debt collector as defined by the Act and, therefore, is not subject to its provisions. Additionally, Defendant seeks to dismiss the remaining state law claims for failure to state a claim upon which relief can be granted. As will be discussed below, the Court finds that there is no genuine issue of material fact that Defendant is not a debt collector under the FDCPA and, therefore, Defendant is entitled to summary judgment. Further, because the Court's jurisdiction over this matter is premised on the FDCPA and its supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a), the Court will remand the state law claims.

**A.  The Fair Debt Collection Practices Act**

The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). Accordingly, the FDCPA's prohibitions include communications with debtors at inappropriate places or times, *see* 15 U.S.C. § 1692c; harassment or abuse by threats, obscene language, or other coercive actions, *see* 15 U.S.C. § 1692d; false or misleading representations in connection with collection of a debt, *see* 15 U.S.C. § 1692e; and the use of unfair or unconscionable means to collect debts, *see* 15 U.S.C. § 1692f. However, these prohibitions are only applicable to persons who are debt collectors under the Act.

The FDCPA defines "debt collector" as:

> [A]ny person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. ... [T]he term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

15 U.S.C. § 1692a(6).

The Act expressly excludes from this definition, "any person collecting or attempting to collect a debt owed or due or asserted to be owed or due another to the extent that such activity ... concerns a debt which was *originated by such person* ...." 15 U.S.C. § 1692a(6)(F)(ii) (emphasis added). The Act defines a creditor as "any person who offers or extends credit creating a debt or to whom a debt is owed ..." 15 U.S.C. § 1692a(4). Accordingly, "[a] bank that is a creditor is not a debt collector for the purposes of the FDCPA and creditors are not subject to the FDCPA when collecting their accounts." *Montgomery v. Huntington Bank*, 346 F.3d 693, 699 (6th Cir. 2003) (internal quotation marks omitted); *accord Perry v. Stuart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985) (concluding "[t]he legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors ...."). The Act also specifically excludes from this definition "any officer or employee of a creditor while, in the name of the creditor," collects debts for such creditor. 15 U.S.C. § 1692a(6)(A).

**B. Application of the Act to the Present Case**

The Court finds that there is no issue of material fact that neither Defendant nor its employee, Mr. Lind, was a debt collector as the term is defined by the FDCPA. A bank that is a creditor is not a debt collector for purposes of the FDCPA and creditors are not subject to the FDCPA when

collecting their own accounts. *See Montgomery*, 346 F.3d at 699. In the present case, Defendant was Plaintiff's creditor. Defendant extended credit creating a debt when it loaned Plaintiff the funds to purchase the automobile. Thus, as Plaintiff's creditor, Defendant was not subject to the terms of the FDCPA. Moreover, because Defendant was attempting to collect a debt which it originated, it was, under the circumstances of this case, expressly excluded from the Act's definition of a debt collector. *See* 15 U.S.C. § 1692a(6)(F)(ii). Rather than present evidence to support her claim in this case, Plaintiff rests on her pleadings and the unsupported legal arguments in her response brief. This is plainly insufficient under FED. R. CIV. P. 56(e), and Plaintiff has not met her burden to demonstrate a genuine issue of material fact for trial. Notwithstanding the inadequacy of Plaintiff's response to the present motion, based on the facts of this case, she cannot demonstrate that Defendant was a debt collector under the FDCPA.

Furthermore, Plaintiff's argument that Defendant's employee Mr. Lind was a debt collector as the term is defined in the FDCPA because his job title was "Collector" is without merit. Defendant has produced evidence demonstrating that Mr. Lind was its employee and was acting as such when he contacted Plaintiff regarding the debt. *See* Def.'s Ex. B. Based on the plain language of the Act, Mr. Lind's actions were not subject to the FDCPA. *See* 15 U.S.C. § 1692a(6)(A) (excluding from the definition of debt collector "any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor ..."). Plaintiff has not come forward with any evidence to rebut Defendant's showing and, therefore, has not satisfied her burden under Rule 56(e). Consequently, Defendant is entitled to summary judgment.

## V.  CONCLUSION

The Court concludes that there is no issue of fact that Defendant is not a debt collector as

defined by the FDCPA. Therefore, Defendant is entitled to summary judgment on those counts. Further, in the absence of the FDCPA claims, the Court declines to exercise its supplemental jurisdiction over Plaintiff's remaining state law claims. *See* 28 U.S.C. § 1367(c)(3). Accordingly,

IT IS ORDERED that Defendant's Motion for Summary Judgment is GRANTED.

IT IS FURTHER ORDERED that counts I and II of Plaintiff's complaint are HEREBY DISMISSED.

IT IS FURTHER ORDERED that counts III, IV, and V are REMANDED to the 53rd District Court in Brighton, Michigan.

IT IS FURTHER ORDERED that Defendant's counter-claim is also Remanded to the 53rd District Court in Brighton, Michigan.

IT IS SO ORDERED.


    s/Lawrence P. Zatkoff
    LAWRENCE P. ZATKOFF
    UNITED STATES DISTRICT JUDGE

Dated: January 19, 2007

CERTIFICATE OF SERVICE

      The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on January 19, 2007.

                          s/Marie E. Verlinde

                          Case Manager

                          (810) 984-3290